2018R00036/CD/KD/SD/ms

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William J. Martini, U.S.D, J. |
| v. | : | Crim. No. 18-746 (WJM) |
| MEHDI KASSAI, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

WHEREAS, on or about December 18, 2018, defendant Mehdi Kassai pleaded guilty pursuant to a plea agreement with the United States to a four-count Information, which charged him with bank fraud, in violation of 18 U.S.C. § 1344 (Counts One and Two), wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343 (Count Three), and money laundering, in violation of 18 U.S.C. § 1957 (Count Four);

WHEREAS, pursuant to 18 U.S.C. § 982(a)(2), a person convicted of bank fraud, in violation of 18 U.S.C. § 1344, and wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343, as alleged in Counts One through Three of the Information, shall forfeit to the United States all property constituting, or derived from, proceeds the person obtained directly or indirectly as a result of such violation;

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of money laundering, in violation of 18 U.S.C. § 1957, as alleged in Count Four of the

Information, shall forfeit to the United States all property, real and personal, involved in such violation;

WHEREAS, the defendant consents to the imposition of a criminal forfeiture money judgment in the amount of $3,735,501 in United States currency, and stipulates that such amount represents the property constituting, or derived from, proceeds he obtained directly or indirectly as a result of the offenses charged in the Information;

WHEREAS, the defendant further consents to the forfeiture of all of his right, title and interest in the following real and personal properties;

**Real Property**

a. 191 Sumner St., Passaic, New Jersey 07055, Block No. 2185, Lot No. 51, APN: 07-02185-0000-00051;
b. 37 Vreeland Ave., Passaic, New Jersey 07055, Block No. 4090, Lot No. 10, APN: 07-04090-0000-00010;
c. 60 Fourth St., Passaic, New Jersey 07055, Block No. 1014, Lot No. 3, APN: 07-01014-0000-00003;

**Bank Accounts**

d. Citibank account number ending in 8693 in the name of Glen Place Realty LLC;
e. Polish & Slavic Federal Credit Union account number ending in 8997 in the name of Antoni Sanecki and Zofia Sanecka;
f. Polish & Slavic Federal Credit Union account number ending in 9520 in the name of Evelina Kassai a/k/a Ewelina Kassai and Ewelina Sanecka;
g. Polish & Slavic Federal Credit Union account number ending in 0605 in the name of Zofia Sanecka; and

**Attorney Trust Account Check**

a. A check in the amount of $1,142,406.33, payable to the United States Customs and Border Protection, held in the Galantucci & Patuto, Esqs., attorney trust account,

(collectively the "Specific Property"), which the defendant admits have the requisite nexus to the fraud and money laundering offenses to which he has

agreed to plead guilty, with any forfeited money and the net proceeds derived from the sale of the forfeited Specific Property to be applied to the Money Judgment, in partial satisfaction thereof;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the defendant consents;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 18 U.S.C. § 982(b)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Mehdi Kassai agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

WHEREAS, defendant Mehdi Kassai waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

WHEREAS, defendant Mehdi Kassai acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

WHEREAS, defendant Mehdi Kassai waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

WHEREAS, good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

**Money Judgment**

1. As a result of the offenses charged in the Information, to which the defendant Mehdi Kassai has pleaded guilty, and the Court having accepted the stipulated amount of the forfeiture the defendant shall forfeit to the United States the sum of $3,735,501 in United States currency, representing property, constituting or derived from, proceeds the defendant obtained directly or indirectly as a result of offense charged in Counts One through Three of the Information (the "Money Judgment"). A money judgment in the amount of $3,735,501 in United States currency (the "Money Judgment") is hereby entered against the defendant pursuant to 18 U.S.C. § 982(a)(2)(A) and Federal Rule of Criminal Procedure 32.2(b).

2. The defendant having given his consent pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), upon entry of this Consent Judgment and Order of Forfeiture, this Order is final as to the defendant Mehdi Kassai, shall be

deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Department of Homeland Security, Homeland Security Investigations and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. Pursuant to 21 U.S.C. § 853, the United States is authorized to deposit all payments on the Money Judgment in the Department of the Treasury Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment or to address third-party claims, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

**Specific Property**

6. As a further result of the defendant's conviction of the offenses charged in the Information, pursuant to 18 U.S.C. § 982(a)(1) and (2) and Federal Rules of Criminal Procedure 32.2(b)(1) and (b)(2), all of the defendant's right, title

and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

7. Any forfeited money and the net proceeds derived from the sale of the Specific Property will be applied to the Money Judgment until the Money Judgment is satisfied in full.

8. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Mehdi Kassai, shall be made part of the sentence of defendant Mehdi Kassai, and shall be included in the judgment of conviction therewith.

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Department of Homeland Security, Homeland Security Investigations, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

10. The United States Department of Homeland Security, Homeland Security Investigations, its agent or designee, in its sole exercise of discretion may pay any mortgage, tax, or other financial obligations associated with the Specific Property.

11. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any

person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

13. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

14. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2), in which all interests will be addressed. Pursuant

to Federal Rule of Criminal Procedure 32.2(b)(3) and any other applicable provision of federal or state law, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment or in connection with any petitions filed with regard to the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

15. That the Clerk of the Court is directed to enter a money judgment against the defendant in favor of the United States in the amount of $3,735,501 in United States currency.

16. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 13 day of December, 2019.

HONORABLE WILLIAM J. MARTINI
United States District Judge

The undersigned hereby consent to
the entry and form of this Order:

CRAIG CARPENITO
United States Attorney

_____     Dated: 12/11/19
By: CHARLIE L. DIVINE
    KEVIN V. DI GREGORY
    Special Assistant United States Attorneys

_____     Dated: 12/11/19
ROBERT L. GALANTUCCI, ESQ.
Attorney for Defendant Mehdi Kassai

_____     Dated: 12/11/19
MEHDI KASSAI, Defendant